**No. 56698.**—Chas. H. Demarest, Inc. *v.* United States, protest 156620–K (New York).

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoice as "Dyed Darker Green Special Bamboo Flower Sticks" and was assessed with duty by the collector at the rate of 45 per centum ad valorem under the provision in paragraph 409 of the Tariff Act of 1930 for—

\* \* \* all articles not specially provided for, wholly or partly manufactured of \* \* \* bamboo \* \* \*.

The protest claim is for duty at the rate of 1¼ cents per pound under the provision in paragraph 409 of the same act for "split bamboo," and by timely amendment of the protest claims were added for duty at the rate of five-eighths of 1 cent per pound under the same provision, as modified by the Presidential

proclamation reported in T. D. 51909, and for free entry under the provision in paragraph 1806 of the Tariff Act of 1930 for—

\* \* \* Sticks of \* \* \* bamboo \* \* \* not specially provided for, in the rough, or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes.

The official samples of the merchandise are in evidence before us as plaintiff's exhibit 1. They consist of four sticks, two 18 inches long, one 24 inches long, and one 36 inches long, of roughly circular cross-section, ranging from ⅛th to ⅝ths of an inch in diameter. They are dyed green, and, according to the testimony offered on behalf of the plaintiff, were brought to their imported condition in the following manner: Bamboo of fairly large diameter, possibly 3 to 5 inches, was first cut to the desired length and then split. The split pieces were forced through a round wrought-iron die which resulted in the roughly circular cross-section, following which the pieces were dyed. There does not seem to be any question but that the chief use of the imported sticks is to support growing flowers or plants, and that they are known as bamboo flower sticks or split bamboo flower sticks.

In the case of *Bamboo & Rattan Works, Inc.* v. *United States*, 39 C. C. P. A. (Customs) 163, C. A. D. 480, decided February 18, 1952, merchandise very similar to that here involved was the subject of decision. It appeared that the merchandise involved in that case was made by splitting bamboo, cutting the same to length, pointing one end, and dyeing it, and that it was used as stakes to support growing plants. It was the contention of the appellant there that the merchandise was entitled to classification under the provision for "split bamboo" in paragraph 409, *supra*.

Although the merchandise in the cited case had had performed on it one operation which was not performed on the merchandise in the case at bar, viz, the pointing of one end, we are of the opinion that the decision of our appellate court on the issue of the competition between the provisions for "split bamboo" and for "all articles not specially provided for, wholly or partly manufactured of \* \* \* bamboo" is equally applicable to the merchandise here involved. This becomes particularly apparent upon a reading of the following from the decision in the cited case:

Appellant here seeks to have the bamboo sticks classified as apparently they would be if splitting were the only operation applied to them. There were other operations, and the resulting products, while simple, are more than mere sticks; (a) they were cut to the desired lengths, (b) their ends were sharpened, and (c) they were dyed. So, including the splitting, at least four operational steps were employed. These were manufacturing steps, all leading to, and finally resulting in, the production of finished articles of commerce wholly or partly manufactured of bamboo. Except for the dye, all the material is bamboo. The dyeing step is important in view of the intended use of the articles. The finished articles, as stated in the decision below, have a distinctive name—"stakes"—different from the materials composing them, and they have "a new use, i. e., to support growing plants."

The bamboo material was not merely "advanced in condition" as suggested in the brief for appellant. It was made into finished articles.

The brief for appellant states:

\* \* \* Split bamboo *per se* is a manufacture of bamboo, but it is a manufacture of bamboo that *is* specifically provided for. [Italics quoted.]

That is true, of course, but the articles before us are something more than split bamboo sticks, and as finished articles they are not specially provided for by the provision for split bamboo.

This leaves for consideration only the alternative claim made in the case at bar and not made in the *Bamboo & Rattan Works, Inc.*, case, *supra*, viz, for free

entry under the provision in paragraph 1806 of the Tariff Act of 1930, heretofore quoted.

We are of the opinion that the bamboo flower sticks at bar are not such bamboo sticks as are provided for in paragraph 1806, *supra*. The provision there is for bamboo sticks (among other things) "in the rough, or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes." There is not the slightest evidence that the sticks at bar were "cut into lengths suitable for sticks for" any of the articles mentioned by name, and, indeed, in the brief filed on behalf of the plaintiff, the contention under paragraph 1806 seems to be limited to that portion providing for bamboo sticks "in the rough."

We do not think that the bamboo flower sticks at bar can be said to be "in the rough." In *United States* v. *Benneche*, 6 Ct. Cust. Appls. 92, T. D. 35339, it was indicated that "in the rough" means in the natural state or at least no further advanced than the cutting off of limbs or rootlets or the removal of bark. The sticks at bar have been cut to precise lengths, forced through the round die, and dyed, all of these processes having been performed with the view and the result of creating finished articles which in that condition have a name, character, and use different from the materials of which they were composed.

We conclude, therefore, that the flower sticks at bar are not entitled to free entry under the provisions of paragraph 1806, *supra*. Before leaving the subject of classification under that paragraph, however, mention must be made of an evidentiary situation which developed during the course of the trial.

There was offered and received in evidence without objection as plaintiff's illustrative exhibit 2, two sticks, each 30 inches long, of bamboo, dyed or colored green, which were stipulated by counsel to be sticks of bamboo in the rough or cut to various lengths, not specially provided for. The manifest purpose of the stipulation was to establish that the sticks comprising plaintiff's illustrative exhibit 2 were sticks such as are or have been classifiable under paragraph 1806, *supra*, but this was not specifically brought out. During the course of the trial, it was established by plaintiff's witnesses that the use of the merchandise here in issue, represented by plaintiff's exhibit 1, was the same as that of plaintiff's illustrative exhibit 2, and, in fact, that the former was a substitute for the latter.

Assuming, as contended by the plaintiff, that the stipulation entered into by counsel for the parties was an admission, binding on the defendant, that plaintiff's illustrative exhibit 2 represented sticks of bamboo which were classified as free of duty under paragraph 1806, we, nevertheless, do not consider such an admission coupled with evidence as to identity of use of plaintiff's exhibit 1 and plaintiff's illustrative exhibit 2, as binding upon the court in the sense of controlling the court's judicial decision determining the classification of the merchandise before it. The classification by the defendant's collectors of customs of merchandise such as plaintiff's illustrative exhibit 2 under paragraph 1806, if such be the fact, is immaterial in this case unless plaintiff invokes the doctrines of estoppel or long-continued administrative practice, neither of which are referred to or claimed.

Upon the record as made judgment will issue overruling all of the protest claims.